## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| BRENDA LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-00013-N |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brenda Lee brings this action, *pro se*, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her applications for disability insurance benefits ("DIB"). The parties have consented to the exercise of jurisdiction by, and this case has been ordered referred to, the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). *See* Docs. 17, 18. Oral argument was held on August 18, 2015. Doc. 16. Present were Plaintiff, representing herself, and Patricia Beyer, Esq., representing Defendant Carolyn Colvin.

Upon consideration of the administrative record ("R.") (Doc. 11), Plaintiff's Brief (Doc. 13), and the Commissioner's Brief (Doc. 15),1 the Court has determined that the Commissioner's decision denying Plaintiff's benefits should be

---

1 Plaintiff also submitted other documents (*See, e.g.*, Doc. 21), including notes from medical treatment. However, these documents were not before the Administrative Law Judge (*compare* Doc. 11), so they cannot be considered here. *See* 20 C.F.R. § 416.1470(b).

AFFIRMED.[2]

## I.   Procedural Background

Plaintiff filed an application for DIB on October 3, 2011 (*see* R. 187-195), alleging a disability onset date of September 15, 2010. *See* R. 19. Her application was initially denied. *See* R. 87-91. Hearings were conducted before Administrative Law Judge Tracy S. Guice ("the ALJ") on April 22, 2013 (*see* R. 40-47) and October 7, 2013.[3] *See* R. 48-79. On December 20, 2013, the ALJ issued the decision, now before this Court, finding Plaintiff not disabled. R. 12-30. The Appeals Council issued a decision declining to review the ALJ's determination on November 17, 2014 (*see* R. 1-7), rendering the Commissioner's decision being final for purposes of judicial review (*see* 20 C.F.R. § 404.981). Claimant timely filed a complaint in this Court on January 13, 2015. *See* Doc. 1.

## II.   Factual Background

Ms. Lee, the Plaintiff in this case, is a resident of Monroeville, Alabama, born October 18, 1966. R. 193. She was 46 at the time of the second hearing before the ALJ. R. 48, 193. She completed high school and is a certified nursing assistant. R. 56-57. Her past relevant work experience includes positions as a machine operator, a garment factory worker, a nursing-home nursing assistant, and a stock clerk. R. 57. She has not worked since before the alleged onset date of September 15, 2010. R. 21.

---

[2] Any appeal taken from this memorandum opinion and order and simultaneously entered separate judgment may be made directly to the Eleventh Circuit Court of Appeals. *See* Doc. 23.

[3] Plaintiff was represented by council before the ALJ (*see* R. 10, R. 39) but is proceeding *pro se* on appeal.

Ms. Lee suffers from a number of medical issues, including post-surgery left knee medial meniscus tear with degenerative joint disease, lumbar radiculopathy, neuropathy, and anemia. R. 21.

In July 2009, Plaintiff underwent arthroscopic surgery performed by Dr. Engerson to repair a small meniscus tear in her left knee. R. 303, 422. After post-surgery physical therapy, she was approved to return to regular work by her physician. R. 298. In September 2010, Plaintiff stopped working R. 231. A second knee surgery was performed on November 4, 2010, followed by physical therapy and prescription of pain medication. R. 310-11, 317-19. Dr. Bose, the physician performing the second surgery, prescribed several functional limitations, but did not state that Plaintiff could not return to work. R. 314. Later x-rays on July 15, 2013, revealed scoliosis in the lumbar spine and degenerative change and/or moderate arthritis in the knees. R. 506. On September 6, 2013, Dr. Thomas Lane diagnosed Plaintiff with neuralgia (*i.e.*, nerve pain), hypertension, and degenerative joint disease, and prescribed ibuprofen, multivitamins, and a B12 injection. R. 536-38. On September 13, 2013, Dr. Thomas Lane completed a Clinical Assessment of Pan, stating that "Pain is present but does not prevent functioning in everyday activities or work." R. 532.

### III.   Claims on Appeal

On appeal to this Court, Plaintiff asserts that the Commissioner's decision to deny benefits is in error (*i.e.,* not supported by substantial evidence) on the following

grounds:[4]

1. The ALJ relied on the opinion of Dr. Lane, who is biased because he was hired by the SSA;

2. The ALJ did not have enough medical evidence to make a decision; and

3. The Plaintiff is entitled to benefits because she takes pain medication and receives mental health treatment.

Doc. 13 *generally*.

## IV.   Standard of Review

In all Social Security cases, a plaintiff (sometimes referred to as a claimant) bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether that burden has been met, and thus a claimant has proven that he or she is disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history (*see id*); and, in turn,

> uses a five-step sequential evaluation to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional

---

[4] Plaintiff also contends that she was treated unfairly in the workers' compensation process. Doc. 13 at 1. However, the review of this Court is limited to those issues presented to the ALJ. 20 C.F.R. § 416.1470(b).

> capacity, or] RFC[,] to perform her past relevant work; and (5) if not,
> whether, in light of the claimant's RFC, age, education and work
> experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)).

If a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Id.*; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the Commissioner's decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla but less than a preponderance, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision."

*Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "Even if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is **supported by** substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

## V.   Analysis

**A.   There is no indication that Dr. Lane's opinion was biased.**

Plaintiff contends that Dr. Thomas Lane[5] is biased because he was paid by the Social Security Administration and that this bias affected the report that he submitted. Doc. 13 at 1. However, Plaintiff offers no proof for this assertion beyond the mere fact that Dr. Lane was paid by the SSA. *Id.* Dr. Lane was paid for his time, the exercise of his expertise, and the transmission of relevant medical records. *See, e.g.*, R. 422, 432. He is an independent physician who maintains a private practice and is not employed by the SSA. *Id.* It is inappropriate to "ascribe bias to the work of (such an) independent physician . . ." *See, Richardson v. Perales*, 402 U.S. 389, 403, 91 S. Ct. 1420 (1971). Without any evidence to the contrary, the Court concludes that an independent physician such as Dr. Lane does not have "any interest on their part in the outcome of the administrative proceedings beyond the professional curiosity a

---

[5] Plaintiff refers to the physician in question only as "Dr. Lane" or "he." Doc. 13 at 1. Plaintiff was treated or examined by both Dr. Carole Lane and Dr. Thomas H. Lane. R. 430, 461. The SSA referred Plaintiff to Dr. Thomas H. Lane for evaluation. R. 46, 58, 532-34.

dedicated medical man possesses." *Id.*

Rather, Dr. Lane's medical opinion is due the weight normally accorded to an examining physician. Dr. Lane personally examined the Plaintiff. R. 432-37. An examining physician is due "more weight," especially when it is consistent with other medical opinions. 20 C.F.R. § 404.1527. Dr. Lane's opinion is consistent with that of Plaintiff's other treating physicians, Dr. Engerson and Dr. Bose, who both concluded that Plaintiff was not disabled. R. 21 *compare* R. 23, R. 298-305, R. 312-323. Thus, the ALJ properly considered the neutral medical opinion of Dr. William Lane consistent with 20 C.F.R. § 404.1527 and *Richardson v. Perales*.

**B.      The ALJ relied on adequate medical evidence.**

Plaintiff next contends that the ALJ did not have adequate information on her condition when she issued her decision. Doc. 13 at 2. The ALJ considered data from a number of medical professionals, including: treating orthopedic physician Todd Engerson, M.D.; treating orthopedic physician William J. Bose, M.D.; examining internal medicine physician William H. Lane, M.D.; examining osteopathic physician Mark Ellis, D.O.; examining osteopathic physician (x-ray only exam) Huey Kidd, D.O.; and examining osteopathic physician Jeff George, D.O. R. 19-23.

The record before the Court reflects that Plaintiff had limited medical treatment between 2011 and the hearing before the ALJ on April 22, 2013, when the ALJ sent Plaintiff to Dr. William Lane. R. 43-46. The ALJ sent Plaintiff to Dr. Lane in order to develop the record and update Plaintiff's medical history. *Id.* All of the sources evaluated by the ALJ were acceptable medical sources. *See* 20 C.F.R. §

404.1513(a)(1). It is not the burden of the ALJ to present evidence which shows that a claimant is disabled. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). Rather, it is the Plaintiff's burden to present acceptable medical sources which prove her case. *Id.*; 20 C.F.R. § 404.1508. Thus, this assignment of error is overruled.

## C.   The ALJ properly considered allegations of pain and mental health issues.

Finally, the Plaintiff argues that she takes pain medication and receives mental health treatment and that the ALJ failed to consider this in her decision. Doc. 13 at 3. However, the ALJ's opinion reflects that he did consider Plaintiff's allegations of pain, including Dr. Engerson's note that deep squatting still caused Plaintiff knee pain. R. 20. This was taken into account in the ALJ's RFC determination by stating that Plaintiff could only "occasionally balance, stoop, kneel . . ." and was "precluded from climbing ladders, ropes, and scaffolds; precluded from walking on uneven terrain . . ." R. 18. The ALJ also considered Dr. Lane's Clinical Assessment of Pain, which stated that "[p]ain is present but does not prevent functioning in everyday activities of work." R. 21. The ALJ gave "significant weight to the opinions of Dr. Lane, as he is a long-standing medical source." *Id.* Ultimately, the ALJ found that the "claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms [including her pain] are not credible to the extent they are inconsistent with the above residual functional capacity assessment." R. 23. This conclusion was based on the consistent medical opinions of three treating physicians. *Id.* To question this assessment, when it is supported by such persuasive evidence, would clearly be "deciding the facts anew or re-weighing

the evidence," as proscribed by *Davison*. 370 Fed. App'x 995, 996 (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)).

Plaintiff first raised allegations concerning her mental functional limitations, mental health treatment, or mental health evaluations in her brief. *See, e.g.,* R. 19-23. No mental health issues were noted by any of the six physicians who evaluated Plaintiff. *Id.* Moreover, there is no record evidence of any mental health treatment for the relevant time period. Thus, Plaintiff's allegation could not have been considered by the ALJ. This Court's review is limited to evidence which was available to the ALJ. *See* 20 C.F.R. § 416.1470(b). If there was any evidence available concerning a mental health condition, it was the responsibility of the Plaintiff to present it to the ALJ. 42 U.S.C. 423(d)(5)(A). Thus, the ALJ properly evaluated and considered by pain and mental health allegations as they were made known to her.

**D.    The ALJ relied on substantial evidence in making the RFC assessment and in finding that the Plaintiff could perform other work.**

Finally, the ALJ's RFC determination, and his subsequent determination that the Plaintiff can perform light work existing in the national economy, are supported by substantial evidence as required by *Jones* (190 F.3d at 1228) and *Crawford* (363 F.3d at 1158-59). In making the decision, the ALJ relied on the opinions, assessments, and treatment notes of the six physicians discussed above. R. 19-23, 76-77. As required by the Eleventh Circuit, the evidence relied upon is "more than a scintilla" and is "such relevant evidence as a reasonable person would accept as adequate to support [the ALJ's] conclusion." *See Martin v. Sullivan*, 894 F. 2d 1520, 1529 (11th Cir. 1990) (internal citations omitted). In the last analysis, the record

9

evidence does not support Plaintiff's assignments of error. Rather, the record as a whole reflects that the ALJ's decision was supported by substantial evidence.

## VI.   <u>Conclusion</u>

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits is **AFFIRMED**.

**DONE** and **ORDERED** this the 22nd day of December 2015.

<u>/s/ Katherine P. Nelson</u>
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**